UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KENNETH ROBERT RICHARD )
also known as KENNETH ROBERT BENE III, )
)
    *Plaintiff*, )
v. ) No. 1:05-cv-204
) *Edgar/Carter*
BRADLEY COUNTY JUSTICE CENTER, )
DANIEL GILLEY, SHERIFF OF BRADLEY )
COUNTY, )
)
    *Defendants.* )

## MEMORANDUM

Kenneth Robert Richard ("Richard"), an inmate at the Bradley County Justice Center, brings this pro se civil rights complaint for damages under 42 U.S.C. § 1983. Richard asserts that he has been subjected to religious discrimination because the Bradley County Justice Center failed to honor his request for a Catholic Priest and Catholic Bible. After reviewing the record and the applicable law, the Court concludes that Richard's complaint will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** because he has failed to exhaust his administrative remedies.

    **I.**    **Application to Proceed In Forma Pauperis**

It appears from the application to proceed *in forma pauperis* submitted by Richard that he lacks sufficient financial resources at the present time to pay the required filing fee of $250.00. Richard is not relieved of the ultimate responsibility of paying the $250.00 filing fee. Since Richard is an inmate in custody at the Bradley County Justice Center, he will be **ASSESSED** the civil filing fee of **$250.00** under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified

1

in 28 U.S.C. § 1915. Richard shall pay the full filing fee of two-hundred and fifty dollars ($250.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Richard's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Richards's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Richards's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Richards's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Sheriff of Bradley County, the custodian of inmate accounts at the Bradley County Justice Center, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Richards's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become

available. This order shall become a part of inmate Richard's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.[1]

The plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

**II.    Exhaustion of Remedies**

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit. See *Davie v. Wingard*, 958 F.Supp. 1244, 1253-54 (S.D. Ohio 1997). The applicable section of 42 U.S.C. § 1997e provides the following:

> 1997e. Suits by prisoners
> (a) Applicability of administrative remedies
>
>> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[1] **Send remittances to the following address:**

> Clerk, U.S. District Court
> P.O. Box 591
> Chattanooga, TN  37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

3

The Sixth Circuit has ruled that the plain mandatory language of the statue regarding exhaustion of remedies, the legislative purpose underlying the plain language, and the sound policy on which it is based requires all prisoners filing § 1983 cases involving prison conditions to allege and show they have exhausted all available administrative remedies. *Brown v. Toombs,* 139 F.3d 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). "A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." *Id.* Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (unpublished table decision), *available in* 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown v. Toombs,* 139 F.3d at 1104)).

The exhaustion requirement applies to all cases filed on or after April 26, 1996, the effective date of the Prison Litigation Reform Act. *Id. citing White v. McGinnis,* 131 F.3d 593, 595 (6th Cir. 1997). An inmate cannot fail to file a grievance or abandon the process before completion and claim he has exhausted his administrative remedies or that it is futile to exhaust remedies because his grievance is now time-barred under the regulations. *See Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir. 1999) *citing Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir.), *cert. denied*, 522 U.S. 906 (1997). "'In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e.'" *Garfield v. Federal Prison Industries*, 3 Fed.Appx. 292 (unpublished table decision), *available in* 2001 WL 92137, at *1 (6th Cir. Jan 26, 2001) *quoting Knuckles El. v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). "A plaintiff who fails to allege exhaustion of administrative remedies with 'particularized averments' does not state a claim on which relief may

4

be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

In this case, Richard concedes that there is a grievance procedure at the Bradley County Justice Center but contends he did not present the facts relating to his claims through the grievance system because he "asked for a grievance form but was denied" [Court File No. 1, at 2]. The plaintiff does not identify the person(s) who denied his request for a grievance form, nor allege the date he requested the grievance form, nor any of the circumstances surrounding the request for a grievance form. Nor does he contend that "there was no other source for obtaining a grievance form or that he made any other attempt to obtain a form or file a grievance without a form." *See Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001) (plaintiff was not vigilant enough in obtaining a grievance form after his initial request for one was denied). General allegations that he was denied a grievance form are insufficient to satisfy the statutory requirements in § 1997e. *See Fitts v. Faghihnia*, 21 Fed.Appx. 243, 245, 2001 WL 1298837, *2 (6th Cir. Aug. 7, 2001)(Allegations that the staff denied him grievance forms and that he instead sent letters to numerous prison officials but no longer had copies of he correspondence, was insufficient to demonstrate compliance with the statutory requirements of § 1997e).

Richards contends he wrote "a request" asking for a Catholic Priest and Bible on June 22, 2005, and gave it to Officer Ried who assured him she would deliver it to the shift supervisor. However, asserts Richard, "[t]he request never came back"[Court file No. 3, at 5]. Making a written request does not excuse Richard from proceeding through the formal grievance process and exhausting all administrative remedies. Richard had an obligation to pursue all levels of the administrative process. Moreover, a prisoner's "written request" made in lieu of utilizing an

5

established grievance procedure, is insufficient to show administrative exhaustion of claims. *See Allen v. Washington County,* 2005 WL 1421768 (E.D. Tenn. June 17, 2005) ("Writing letters to jail officials, in lieu of utilizing an established grievance procedure, is insufficient to show administrative exhaustion of claims."(*citing Shepard v. Wilkinson*, 27 Fed.Appx. 256 (6th Cir. Dec. 5, 2001), (unpublished table decision), *available in* 2001 WL 1563934, *1 (Although the prisoner raised his complaints in numerous letters to prison officials, the Court concluded that "a prisoner must utilize the formal grievance process provided by the state; he cannot comply with the requirements of § 1997e(a) by informally presenting his claim") (*citing Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) ("The plain language of the statue makes exhaustion a precondition to filing an action in federal court"). The precedent in the Sixth Circuit clearly demonstrates that a prisoner does not exhaust his administrative remedies when he fails to commence the grievance process or to proceed through all of the potential appeals. Thus, the plaintiff has failed to satisfy his burden of showing exhaustion as to *each and every* constitutional claim raised in his complaint.

Consequently, Richard's complaint [Court File No. 3] will be **DISMISSED** *sua sponte* **WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted because Richard failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). 28 U.S.C. § 1915(e).

A judgment will enter **DISMISSING** the plaintiff's complaint in its entirety.

                                         */s/ R. Allan Edgar*
                                         R. ALLAN EDGAR
                              CHIEF UNITED STATES DISTRICT JUDGE